In re KANTER.

(District Court, D. Maine. July 2, 1914.)

No. 9967.

1. PARENT AND CHILD (§ 5*)—RIGHT TO SERVICES—EMANCIPATION.

Though a father may claim the services of his children while under age and supported by him, he may relinquish that claim at any time, and when he does, the profits of their labor belong to themselves.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 70–73, 75, 76; Dec. Dig. § 5.*]

2. BANKRUPTCY (§ 340*)—CLAIMS FOR SERVICES—CHILDREN OF BANKRUPT—EMANCIPATION—SUFFICIENCY OF EVIDENCE.

Though in passing upon a claim by the minor children of a bankrupt for services, the relationship of the parties justifies a careful investigation, evidence which between parties unrelated to each other would clearly be convincing is sufficient to show that when the bankrupt promised to pay the children for their services in his store, he intended to relinquish his right to their services.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BANKRUPTCY (§ 314*)—PROVABLE CLAIMS—CLAIMS OF MINOR CHILDREN.
　　Where a bankrupt prior to the bankruptcy promised to pay his minor
　　children for their services in his store with intent to relinquish his claim
　　to their services, their claims for services were provable in bankruptcy.
　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478,
　　483–487, 489, 490; Dec. Dig. § 314.*]

In Bankruptcy. In the matter of Louis Kanter, bankrupt. On petition by the trustee in bankruptcy to review an order of the referee allowing claims of Alta Kanter and another. Order affirmed.

Edward P. Murray, of Bangor, Me., for trustee.
J. A. Calmers, of Bangor, Me., for claimants.

HALE, District Judge. [1-3] This case comes before me on the petition of the trustee in bankruptcy, to review the order of the referee allowing the claims of Alta and Isadore Kanter, minor children of the bankrupt, for services as clerks in the store of the bankrupt. The testimony shows that both children are less than 21 years of age; that the father kept a store; that he promised to pay the son $5 a week, besides his board, and the daughter $3 a week. These wages have never been wholly paid; the proofs seek to recover the balance of the wages. The trustee urges that the children have never been emancipated, and the parent has never relinquished his right to their services. An examination of the testimony convinces me that when the father made the promises to which I have referred, he intended a relinquishment of his right to the services of the minor children. The law is clear that a father may claim the services of his children while they are under age, and while they are supported by him, but he may relinquish that claim at any time; and, when he does, the profits of his children's labor belong to themselves. In Vattier v. Hinde, 32 U. S. (7 Pet.) 252, 268 (8 L. Ed. 675), the question before the court was whether a conveyance of a lot of land from a father to a son was valid. It was alleged that this conveyance was made in consideration of a debt he owed for his son's land. In speaking for the Supreme Court, Chief Justice Marshall said:

"Had this transaction been in favor of any other creditor than a son, its fairness could never have been impeached. Had he, as guardian for any other person, secured a debt, under the same circumstances, the helpless infancy of the ward would not have tainted the transaction with fraud. The connection between the parties may excite suspicion, may justify a more scrutinizing investigation of all the circumstances; but if the result of this investigation be, as we think it is, that the conveyance was in payment of a debt of the most sacred obligation, a debt which a conscientious debtor ought to have paid, it is valid in law."

In the case before me, a similar issue is involved; the relationship of the parties justifies a careful investigation of all the circumstances. The plain question is, Did the father intend to relinquish his right to the services of the two minor children? If the same testimony had been given touching parties unrelated to each other, such testimony would clearly be convincing. Applying the same investigation to the case before me, I can have no question but that the father intended

to relinquish his right to the services of both of the minor children If so, it would be unlawful to deprive the children of the results of their labor.

The order of the referee allowing the proofs of priority debts is affirmed.